James O. Shackelford, J.,
delivered the opinion of the Court.
This is a proceeding commenced by distress warrant, issued by John Logue, Clerk of the County Court of Shelby, against the plaintiff in error, for failing to procure a license for running a dray in the City of Mem *341 phis. "Writs of certiorari and supersedeas were applied for and obtained, bringing the cause into the Law Court at Memphis; where, upon motion, the petition was dismissed, and an appeal was taken to this Court.
The liability of the plaintiff in error for the tax, depends upon the construction to be given the Revenue Acts of 1867 — 8.
By section 5, of the Act, all hacks, carriages or vehicles running for hire, shall pay a privilege tax of ten dollars.
Second, Each express wagon or cart, including wagons or carts engaged in transferring other articles than-those belonging to Express or Omnibus Companies, shall take out a license annually from the County Court Clerk, and shall pay a tax for each express wagon, of $5; each express cart, of $5; each transfer wagon, of $5; each transfer wagon, two horses, $10; each express wagon, four horses, $15.
It will be seen from the Act, the Legislature defined and classed the vehicles they intended should be taxed. Drays were as well known as hacks or any other vehicle described in the Act, and if it had been intended they should be taxed, they would have been named as such. We think it was not intended by the Legislature, that a tax should be levied upon them. It follows, therefore, drays not being embraced within the class of vehicles to be taxed, the proceeding against the plaintiff is without warrant of law. The supersedeas was properly sued out.
The judgment of the Court will be reversed, and the distress warrant quashed. -